## CHARLES L. DAWSON *vs.* MARSHALL WETHERBEE.

After a verdict for the defendant in an action of replevin against an attaching officer, in which the question of property in the plaintiff was tried, and a verdict found against him, judgment for a return of the goods replevied will be ordered, although since the rendition of the verdict the attachment has been dissolved.

REPLEVIN of goods attached by the defendant, as a deputy sheriff. At the trial in the superior court, the verdict was for the defendant, and the plaintiff alleged exceptions, which were overruled. The defendant thereupon moved for a writ of return. The plaintiff offered to show, as a reason why the motion should not be granted, that the defendant's interest in the goods was, at the outset, only that of an attaching officer, and that, since the rendition of the verdict, the attachment has been dissolved

39*

and the defendant's interest has ceased.   But *Wilkinson,* J.
ruled that this evidence was inadmissible, and ordered a writ
of return to issue; and the plaintiff alleged exceptions.

  *C. H. B. Snow,* for the plaintiff, cited Gen. Sts. *c.* 143, § 13
*Wheeler* v. *Train,* 4 Pick. 168; *Hopkins* v. *Shrole,* 1 B. & P
382; *Vernon* v. *Wynne,* 1 H. Bl. 24; *Allen* v. *Darby,* 1 Show. 99

  *N. Wood,* for the defendant, cited *Kimball* v. *Thompson,* 4
Cush. 441; *Quincy* v. *Hall,* 1 Pick. 357; *Fleet* v. *Lockwood,* 17
Conn. 233.

  DEWEY, J.   The case before us in this bill of exceptions
presents no question as to the pleadings, under which a verdict
was returned for the defendant.   It was stated at the argument
that the answer of the defendant denied the property in the
articles to be in the plaintiff, and we shall assume it to have
been so.   No objection was taken to the form of the answer,
and it must now be understood that upon the trial the question
of property in the plaintiff was tried, and a verdict found against
him.

  This was fatal to the right of the plaintiff.   Upon this find-
ing of the jury, the motion of the defendant for an order for the
return of the property would seem to follow of course, unless
some sufficient reason is shown by the plaintiff in answer thereto.
Such grounds for refusal to order a return may exist.   The title
of the defendant, which was a good one as against the plaintiff
at the time of commencing his action, may have terminated sub-
sequently, as in the case of a lessor against his lessee, and the
term has expired pending the suit; or for other reasons the ac-
tion may have been prematurely brought; or where by facts
shown to have occurred subsequently, it is made apparent not
only that the defendant has ceased to have any right further to
retain the possession, but that the property has in fact gone to
the possession of the lawful owner; and in all such cases the
court may properly refuse to make an order for a return.   In
answer to the motion for a return in the present case, the plain-
tiff proposed to introduce evidence to show that the interest of
the defendant in the property replevied was only that of an
attaching officer, and that since the rendition of the verdict the

attachment had been dissolved.  But such dissolution of the attachment is no sufficient cause for denying the motion of the defendant for a return.  If the attachment be dissolved, the attaching officer may yet be liable over to the debtor for a return to him of the property.  So if the dissolution of the attachment be the effect of proceedings in insolvency against the debtor, the officer may hold the same for the assignee, and in such case he would be entitled to a return, as was held in the case of *Kimball* v. *Thompson*, 4 Cush. 441.  It was there said by the court, that the property, having been unlawfully taken from the possession of the officer, ought to be restored to him for the benefit and security of whoever may have a right to it.  In the earlier case of *Quincy* v. *Hall*, 1 Pick. 357, it was said " if the plaintifl fails to make out his title, the possession ought to be restored to him from whom by process of law it was taken, and it is wholly immaterial whether the defendant has any title or not, provided the plaintiff has none."

There is nothing in the present case to justify a refusal of a judgment for a return.  There is nothing to show any change in the title of the plaintiff, after the verdict, or any better right to the same than he had when he commenced his action of replevin ; and, in this respect, the case differs from *Martin* v. *Bayley*, 1 Allen, 381.                    *Exceptions overruled.*